UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW GODDARD,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No.
8:25-cv-721-SDM-RMN

## REPORT AND RECOMMENDATION

This matter is before the Court without oral argument on Plaintiff's Motion for Attorney's Fees under the Social Security Act 42 U.S.C. § 406(b) (Dkt. 22), filed April 16, 2026 (the "Motion"). Upon consideration, the Motion is due to granted.

## I.  BACKGROUND

In this Social Security case, Plaintiff entered into a contingency fee agreement in which he agreed to pay his counsel twenty-five percent of the total past-due benefits and supplemental benefits due to him. Dkt. 22 at 8; Dkt. 22-2 (retainer agreement). On June 2, 2025, a judgment was entered reversing and remanding this case to the Commissioner of Social Security for further proceedings. Dkt. 14.

Plaintiff then moved for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. 16. On October 14, 2025, the Court awarded $805.87 in in attorney's fees and $405 in costs under the EAJA to Plaintiff. Dkt. 19 (report and recommendation); Dkt. 20 (Order).

Later, the Social Security Administration issued a notice of award notifying Plaintiff that he is entitled to at least $131,327.00 in past-due benefits. Dkt. 22-1.

Counsel now moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). Dkt. 22. In the Motion, Counsel requests a fee award of $5,000.00, an amount that does not include the attorney's fees awarded under EAJA or the work counsel performed before the agency. *Id.*

## II.  LEGAL STANDARD

Section 406(b) provides that, when a claimant receives a favorable judgment:

> the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and

> not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount over that allowed by the court. *See id.* § 406(b)(2). To receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client. The Eleventh Circuit has held that Section 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam). Because Plaintiff was awarded past-due benefits following remand (*see* Dkt. 28-2), the Court may award attorney's fees under Section 406(b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 520–21 (2019).

## III.  ANALYSIS

### A.    Fee Awards Under Section 406(b)

Counsel requests authorization to charge Plaintiff $5,000.00 in attorney's fees. Dkt. 22. The attorney's fees due under Plaintiff's fee agreement is 25% of past-due benefits, totaling $32,831.75. *Id.* at 2.

Counsel is requesting approval of a fee of $5,805.57, less the previously awarded EAJA fees. *Id.* at 2. Under the EAJA, Plaintiff was awarded $805.57 in attorney's fees. Dkt. 19 (Report and Recommendation); Dkt. 20 (Order). The amount authorized under Section 406(b), the total attorney's fees, must be reduced by the EAJA award.[1] *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010) (holding that district court erred in increasing the fee awarded under Section 406(b) and ordering the plaintiff's attorney to refund the EAJA award to the client, and instead, "the district court could have simply awarded [the attorney] the difference between 25% of [the plaintiff's] past-due benefits and the amount of the EAJA fee").

### B.   Counsel's request for fees under Section 406(b) is reasonable.

When evaluating an attorney's petition under 42 U.S.C. § 406(b), the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Still,

---

[1] Counsel is requesting a fee award well under the authorized cap.

"[a] fee pursuant to a contingency contract is not per se reasonable." *McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir. 1989).

The contingency fee negotiated by Plaintiff and counsel is unreasonable if the agreement calls for fees greater than the twenty-five percent statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of Plaintiff's attorney or would provide a fee "so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372 (citing *McGuire*, 873 F.2d at 981; *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc)). A contingency fee is more likely to be reasonable the greater the risk that the plaintiff would not prevail. *McGuire*, 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent fee award in a social security case."). Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht*, 535 U.S. at 807 n.17.

When assessing reasonableness, the Court looks first to the contingency fee arrangement, then to the "character of the attorney's representation," and finally to the results achieved. *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005). The Court may also consider the attorney's hourly rate and the time spent by the attorney

representing Plaintiff, but "this data does not control the Court's determination of the requested fee's overall reasonableness." *Id.*

Here, Plaintiff and counsel negotiated and signed an agreement that entitles counsel a fee of twenty-five percent of any award of past due benefits awarded. Dkt. 22-2. Plaintiff obtained a favorable result due to counsel's efforts. *See* Dkts. 14 (judgment); 22-1 (notice of award). Plaintiff likely would not have been able to achieve the successful result on his own without the assistance of counsel. The Court therefore finds that counsel has established that $5,000.00 in fees is reasonable under Section 406(b).

## IV.  RECOMMENDATIONS

Accordingly, I respectfully **RECOMMEND** the Court:

1.      **GRANT** the Motion (Dkt. 22); and

2.      **AUTHORIZE** Counsel to charge and collect $5,000.00 in fees.

### Notice to Parties

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of

Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on April 27, 2026.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Steven D. Merryday

Counsel of Record